UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BAY INDUSTRIES, INC.,

        Plaintiff,

v.                                          Case No. 06-C-1010

TRU-ARX MANUFACTURING, LLC,

        Defendant.

**ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff Bay Industries, Inc. ("Bay") filed a complaint against defendant Tru-Arx Manufacturing, LLC, ("Tru-Arx"), seeking injunctive relief and damages in connection with alleged patent infringement. In response, Tru-Arx filed a motion for a more definite statement, which, for the following reasons, will be granted.

**BACKGROUND**

Plaintiff Bay is a Wisconsin corporation and owner by assignment of United States Patent No. 7,111,433 B2 ("the '433 patent"), which issued on September 26, 2006. The patent pertains to metal cladding used in construction to cover door jambs and mullions. Plaintiff alleges that defendant Tru-Arx, also a Wisconsin corporation, is infringing at least 20 claims of the '433 patent (Compl. ¶ 13) as follows: "On information and belief, Tru-Arx sells extruded aluminum cladding for entry door frames and garage door frames of various sizes and configurations. Certain of these

products are at issue in this case (the 'Infringing Products')." (*Id.* ¶ 9). No other statement in the complaint refers directly to Tru-Arx's products, and none of the allegedly infringing products are specifically identified. Concerned with the lack of specificity in the complaint, defendant's counsel contacted plaintiff's counsel and requested that plaintiff voluntarily amend its complaint to identify the specific products alleged to infringe its patent. (Def.'s Br., Ex. A, Burnett Declaration ¶ 1; Def.'s Br. at 2.) After plaintiff declined to amend the complaint (*id.*), defendant filed the instant motion.

**ANALYSIS**

Rule 12(e) allows a party to move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Fed. R. Civ. P. 12(e). This rule can be viewed as a complement to Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Together these rules permit the court and the litigants to know, at the pleading stage, who is being sued and the grounds for same, thereby facilitating the just, speedy, and inexpensive determination of the action. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996); Fed. R. Civ. P. 1.

The decision to grant a motion for a more definite statement is left to the discretion of the court, as is the level of specificity the court may require if the motion is granted. *Hartman Elec. Mfg. Co. v. Prime Mfg. Co.*, 9 F.R.D. 510, 512 (E.D. Wis. 1949); *McHenry*, 84 F.3d at 1179. In patent infringement cases, courts have found Rule 12(e) relief appropriate where the complaint fails to identify any allegedly infringing product or at least set forth a limiting parameter. *See, e.g., In*

2

*re Papst Licensing GmbH Patent Litig.*, No. 99-3118, 2001 WL 179926, at *2 (E.D. La. Feb. 22, 2001) (requiring plaintiff to amend complaint to identify specifically which of defendant's products allegedly infringed plaintiff's patents); *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090(RWS), 2004 WL 2346152, at *5-6 (S.D.N.Y. Oct. 19, 2004) (granting motion for more definite statement where complaint merely stated the infringement arose from alleged fact that defendant "makes, sells, or offers products for sale . . . that infringe Agilent's patents").

In support of its argument that its complaint meets the liberal pleading requirements of Rule 8(a), plaintiff cites its belief that one of its former employees, now employed by defendant, oversees the allegedly infringing activity. (Pl.'s Resp. Br. at 2.) This former employee "likely has full knowledge" of plaintiff's cladding products (Decl. of Paul Buntin ¶ 3), and so, in plaintiff's view, defendant should know precisely which of its products infringe the '433 patent. However, plaintiff's speculation about a former employee's current work duties or his knowledge of his former employer's product line is not an adequate substitute for meeting the pleading requirements of Rule 8, liberal though they may be. Nor may a plaintiff "make up" for inadequate pleading through discovery that does, eventually, provide defendant the functional equivalent of the required "short and plain statement of the claim." *See, e.g., Eisenach v. Miller-Dwan Med. Ctr.*, 162 F.R.D. 346, 348-49 (D. Minn. 1995).

Moreover, by failing to identify any allegedly infringing product or to set forth a limiting parameter, plaintiff in effect is requiring defendant to compare its approximately 40 products to at least 20 claims of the '433 patent in order to formulate a response. I find this to be an unreasonable burden on defendant, especially in light of the fact that in a patent infringement case the plaintiff bears the burden of proof. *Ultra-Tex Surfaces, Inc. v. Hill Bros. Chem. Co.*, 204 F.3d 1360, 1364

(Fed. Cir. 2000). Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent.

A more definite statement will also focus the discovery process and expedite the case in an economical manner. Without a more definite statement of the complaint, plaintiff may seek discovery of Tru-Arx's entire line of products, which will engender controversies over the proper boundaries of discovery. Such controversies will impose unnecessary costs on the parties and, most likely, on the court, which will be called upon to resolve them.

Finally, requiring that plaintiff identify the product or products that allegedly infringe its patent insures that plaintiff has a proper basis for bringing suit in the first place. In filing a complaint in federal court, an attorney is representing to the court that a reasonable inquiry has been made to insure that the factual allegations have evidentiary support. Fed. R. Civ. P. 11(b)(3). This certification is an important way of insuring that defendants are not forced to incur the costs of federal litigation in defense of frivolous claims. Given the high costs of patent litigation, certification is particularly important in a case such as this. If a plaintiff cannot describe with some specificity the product he claims infringes his patent, there is reason to question whether such a certification is true. *See Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997) (holding that plaintiff's failure to obtain, or attempt to obtain, a sample of the accused device so that its actual design and functioning could be compared with the claims of the patent warranted Rule 11 sanctions). Assuming plaintiff has properly investigated his claim before filing suit, there is no reason not to inform the defendant precisely which products are at issue. For this reason, as well, defendant's motion should be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a more definite statement is granted.

**IT IS FURTHER ORDERED** that within 10 days of the date of this Order, plaintiff shall serve and file an amended complaint that identifies which of defendant's products allegedly infringe the '433 patent.

Dated this   29th   day of November, 2006.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach
                                                   United States District Judge